1
2
3
4              **UNITED STATES DISTRICT COURT**
5                    **DISTRICT OF NEVADA**
6                            * * *
7   PASCACIO RAMIREZ-ROSALES,
8              Petitioner,                    Case No. 2:26-cv-00327-RFB-NJK
9          v.                          **ORDER GRANTING PRELIMINARY**
                                                    **INJUNCTION**
10  KRISTI NOEM, *et al.*,
11             Respondents.
12

13          Before the Court is Petitioner Pascacio Ramirez-Rosales's motion for preliminary

14  injunction (ECF No. 2). Through it, he challenges the lawfulness of his ongoing detention at the

15  Nevada Southern Detention Center ("NSDC") in Pahrump, Nevada, at the hands of Federal

16  Respondents. On February 10, 2026, the Court ordered Respondents to explain why a preliminary

17  injunction should not be granted by February 13, 2026. See ECF No. 4 (order to show cause).

18  Federal Respondents filed their response on February 13, 2026, and counsel for Respondent Mattos

19  filed a response on February 16, 2026, asserting "no position" on the instant matter. See ECF Nos.

20  6, 8. For the following reasons, the Court grants the Motion and orders Respondents to afford

21  Petitioner a bond hearing under 8 U.S.C. § 1226(a) by **February 20, 2026**.

22          As a preliminary matter, the Court makes the following findings of fact based on

23  Petitioner's undisputed factual allegations and the evidence the Parties supply. See Carlson v.

24  Landon, 186 F.2d 183, 188 (9th Cir. 1950) (quoting Whitten v. Tomlinson, 160 U.S. 231, 242

25  (1895)). Petitioner is a 45-year-old Mexican citizen who has resided in the United States for over

26  25 years. See ECF No. 1 at 6. Petitioner entered the United States without inspection in or around

27  2000 and has resided continuously in the U.S. since. See id. In his 25 years of residency in the

28  country's interior, Petitioner has established robust familial, financial, and community ties within

1   the United States; he is the father of three U.S. citizen children and has lived and worked in Las

2   Vegas, Nevada for decades. See id. These loved ones have suffered significant financial and

3   emotional distress for the duration of his detention. See id. Petitioner is currently being held at

4   NSDC and has been in ICE custody since December 21, 2025, following his release from local

5   custody.[1] See id. Federal Respondents assert that he is being held in mandatory detention under 8

6   U.S.C. § 1225(b)(2), meaning he is being held without an opportunity for release on bond. See

7   ECF No. 6 at 2.

8       The Court has previously found in Escobar Salgado v. Mattos, No. 2:25-cv-01872-RFB-

9   EJY, 2025 WL 3205356 (D. Nev. Nov. 17, 2025) that similarly situated petitioners who are long-

10  term U.S. residents arrested in the interior and detained without the opportunity for release on

11  bond, were detained in violation of the INA and due process. 2025 WL 3205356, at *10-26 (D

12  Nev. Nov. 17, 2025). The Court incorporates by reference and adopts those same legal conclusions

13  and findings here.

14      In addition, the Court has already found it habeas jurisdiction to review Petitioner's

15  challenge to the lawfulness of his detention, because the relevant jurisdiction stripping provisions

16  of the INA, 8 U.S.C. § 1252 do not apply; the Court fully incorporates by references its prior

17  findings on this point. See Escobar Salgado, 2025 WL 3205356, at *8-10; Hernandez Duran

18  v. Bernacke, No. 2:25-cv-2105-RFB-EJY, 2025 WL 3237451, at *4 (D. Nev. Nov. 19, 2025);

19  Posada v. Noem, No. 2:26-cv-00050-RFB-BNW, 2026 WL 194715, at *2-3 (D. Nev. Jan. 26,

20  2026). The Court also fully incorporates by reference its prior finding that administrative

21  exhaustion is excused as futile due to the BIA's decision in Hurtado. Jacobo Ramirez v. Noem,

22  No 2:25-cv-02136-RFB-MDC, 2025 WL 3270137, at *5-6 (D. Nev. Nov. 24, 2025).

23      The Court finds that Petitioner has satisfied the Winter factors and is therefore entitled to

24  a preliminary injunction ordering a bond hearing pursuant to 8 U.S.C. § 1226(a). Winter v. Natural

25  Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (setting forth factors for preliminary injunction). To

26

27      [1] The District Attorney in the Las Vegas Township Court has since denied the case
    stemming from Petitioner's arrest (Case No. 25-PC-111756). ECF No. 6-2 at 3. He has no other
28  criminal history, no immigration failures to appear, and no history of absconding. See ECF No. 1-
    4 at 6.

1  obtain a preliminary injunction, a plaintiff must establish four elements: (1) a likelihood of success

2  on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary

3  relief, (3) that the balance of equities tips in its favor, and (4) that the public interest favors an

4  injunction. Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069, 1071 (9th Cir.

5  2014), as amended (Mar. 11, 2014) (citing Winter, 555 U.S. at 22).

6       The Court finds Petitioner has established a likelihood of success on the merits of his

7  statutory and due process challenges to his continued detention for the same reasons set forth

8  in Escobar Salgado regarding Petitioners Reyes-López and Mena-Vargas. First, in regard to the

9  INA challenge, Respondents assert that § 1225(b)(2) applies to Petitioner and mandates his

10 detention without a bond hearing, Petitioner argues Respondents' interpretation of the statutory

11 scheme of §§ 1225 and 1226 is erroneous, and that he, as a long-time resident arrested in the

12 interior, is subject to § 1226(a). This Court agrees with Petitioner and incorporates by reference its

13 holding and findings in Escobar Salgado. 2025 WL 3205356, at *10-22.

14      Further, the Court finds Petitioner has established a likelihood of success on the merits of

15 his procedural and substantive due process challenges to his prolonged detention without an

16 individualized bond hearing. The procedural due process factors under Mathews v. Eldridge weigh

17 heavily in favor of Petitioner because (1) the private interest affected is the fundamental liberty

18 interest in being free from imprisonment; (2) the risk of erroneous deprivation is extraordinarily

19 high where ICE and DHS agency officials have sole, unguided, and unreviewable discretion to

20 detain Petitioner without any individualized showing of why his detention is warranted, nor any

21 process for Petitioner to challenge the exercise of that discretion; (3) the Government's interest in

22 enforcing immigration laws is served by an individualized determination by an immigration judge,

23 based on a review of evidence presented by the government and the noncitizen, as to whether an

24 individual is dangerous or at risk of fleeing removal proceedings, under existing, well-established

25 procedures, *and* the government has no interest in the unjustified deprivation of a person's

26 liberty. See Mathews v. Eldridge, 424 U.S. 319, 334-35 (1976); see also Rodriguez Diaz v.

27 Garland, 53 F.4th 1189, 1206 (9th Cir. 2022) (collecting cases and applying the Mathews test to a

28 constitutional challenge to detention under 8 U.S.C. § 1226(a)). Finally, because Respondents have

asserted no individualized justification—let alone a special or compelling justification—to continue to deprive Petitioner of his physical liberty, this Court finds that Petitioner is currently detained in violation of his substantive due process rights. See Escobar Salgado, 2025 WL 3205356, at *25.

Additionally, it follows inexorably from the Court's determination that Petitioner will continue to be deprived of his physical liberty unconstitutionally in the absence of an injunction that Petitioner has met his burden to show immediate and irreparable harm. See Hernandez v. Sessions, 872 F.3d 976, 995 (9th Cir. 2017). Likewise, the minimal, if not nonexistent, burden on the government by adhering to an established bond hearing process, as compared to the preventable human suffering, e.g., financial and emotional burdens on both Petitioner and his family, in addition to the fundamental harm of arbitrary detention without meaningful due process, demonstrates that the balance of the equities and public interest tip sharply in Petitioner's favor. Id. at 995-96 ("the public interest benefits from an injunction that ensures that individuals are not deprived of their liberty and held in immigration detention because of . . . likely unconstitutional process.").

Injunctive relief "should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs before the court." E. Bay Sanctuary Covenant v. Biden, 993 F.3d 640, 680 (9th Cir. 2021) (cleaned up). "Where relief can be structured on an individual basis, it must be narrowly tailored to remedy the specific harm shown[.]" Id. (citation omitted). The federal habeas corpus statute "does not limit the relief that may be granted to discharge of the applicant from physical custody." Carafas, 391 U.S. at 238. "Its mandate is broad with respect to the relief that may be granted." Id. "It provides that '[t]he court shall ... dispose of the matter as law and justice require.'" Id. (quoting 28 U.S.C. § 2243).

The Court finds that the specific harm suffered by Petitioner—prolonged detention without a constitutionally-adequate, statutorily-required bond hearing establishing that his continued detention is warranted—is remedied by ordering an individualized bond hearing pursuant to § 1226(a), wherein Respondents have the burden to justify his detention through a showing of clear and convincing evidence, and enjoining Respondents from preventing his release on the basis that

1    he is detained under § 1225(b)(2).

2    Under Federal Rule of Civil Procedure 65(c), a court "may issue a preliminary injunction

3    . . . only if the movant gives security in an amount that the court considers proper to pay the costs

4    and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed.

5    R. Civ. P. 65(c). "Despite the seemingly mandatory language, 'Rule 65(c) invests the district court

6    with discretion as to the amount of security required, if any.'" Johnson v. Couturier, 572 F.3d

7    1067, 1086 (2009) (quoting Jorgensen v. Cassiday, 320 F.3d 906, 919 (9th Cir. 2003)). "In

8    particular, 'the district court may dispense with the filing of a bond when it concludes there is no

9    realistic likelihood of harm to the defendant from enjoining his or her

10   conduct.'" Id. (citation modified) (quoting Jorgensen, 320 F.3d at 919). Respondents have not

11   argued that providing Petitioner a bond hearing will be costly. Therefore, the Court declines to

12   impose bond beyond the amount that may be imposed by an IJ under § 1226(a) upon a grant of

13   bond.

14   For the foregoing reasons, **IT IS HEREBY ORDERED** that Petitioner's Motion for a

15   Preliminary Injunction (ECF No. 2) is **GRANTED.**

16   **IT IS FURTHER ORDERED** that Respondents must provide Petitioner with a bond

17   hearing pursuant to 8 U.S.C. § 1226(a) no later than **February 20, 2026**.

18   **IT IS FURTHER ORDERED** that Respondents are **ENJOINED** from denying

19   Petitioner's release on bond on the basis that he is subject to mandatory detention pursuant to 8

20   U.S.C. § 1225(b)(2)(A). Thus, in the event that bond is granted, the Court **ENJOINS** Respondents

21   from invoking the automatic stay to continue Petitioner's detention, as the Court has already found

22   that the automatic stay is unconstitutional. The Court incorporates that finding by reference here.

23   See Herrera v. Knight, No. 2:25-cv-01366-RFB-DJA, 2025 WL 2581792, at *13 (D. Nev. Sep. 5,

24   2025).

25   If bond is granted, Respondents are **ORDERED** to immediately release Petitioner on his

26   own recognizance. The Court has received notice of the hardship other petitioners have incurred

27   in their efforts to satisfy bond, and, therefore, the Court **FURTHER ORDERS** that Petitioner be

28   afforded until **March 20, 2026**, to satisfy any monetary bond conditions.

**IT IS FURTHER ORDERED** that if the individualized bond hearing is not conducted by **February 20, 2026**, Petitioner shall be immediately released upon his own recognizance unless, and until, it is determined that his detention is warranted under 8 U.S.C. § 1226(a).

**IT IS FURTHER ORDERED** the Parties shall file a joint status report by **February 23, 2026**. The status report shall detail when the bond hearing occurred, if bond was granted or denied, and, if denied, the reasons for that denial. If the bond hearing does not occur by **February 20, 2026**, the status report shall confirm Petitioner's release from detention in compliance with this Order.

**IT IS FURTHER ORDERED** that on or before **March 9, 2026**, the Parties shall file a stipulated proposed scheduling order for full briefing on the merits of the petition for a writ of habeas corpus (ECF No. 1).

**DATED**: February 18, 2026.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**